# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**MARK ANTHONY FOUNTAIN,**                                   **PLAINTIFF**
**# K8577**

**v.**                                                **CAUSE NO. 1:17CV125-LG-RHW**

**MISSISSIPPI STATE, JACKSON**
**COUNTY, and JUDGE HORCKE**                             **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Mark Anthony Fountain initiated this action on April 26, 2017. At the time, he was incarcerated with the Mississippi Department of Corrections.

The next day the Court sent Fountain notice of the Prison Litigation Reform Act, an Acknowledgment of Receipt and Certification, and a form Notice of Voluntary Dismissal. The Court ordered him to sign and file either the Acknowledgment or voluntary dismissal by May 30, 2017. Having received no response, on June 13, the Court entered the Order to Show Cause [4], ordering Fountain to show cause, by June 27, why this case should not be dismissed for failure to obey the Court's prior Order [3]. When Fountain still failed to respond, the Court entered the Second Order to Show Cause [6], on July 11, giving him one last chance to comply.

All Orders were mailed to Fountain's address of record. The first was not returned as undeliverable. The Orders to Show Cause were returned, however,

indicating that he has been released on Earned Release Supervision. To date he has not responded, filed a change of address, or otherwise contacted the Court. The Court has warned Fountain that failure to comply or to keep the Court apprised of his address may result in this case being dismissed. (2d Order to Show Cause at 1-2); (1st Order to Show Cause); (Dkt. 3 at 2). It is apparent from Fountain's failure to respond or otherwise communicate with the Court that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Defendants have never been called upon to respond to the Complaint nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and obey the Court's Orders. A separate

final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 8th day of August, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE